# Fidelity Mutual Life Ins. Co. *v.* Batson, Admx.

*Action upon Life Insurance Policy.*

1. *Action upon life insurance policy; sufficiency of replication.*—In an action upon a life insurance policy where by special plea the defendant avers that in the contract of insurance it was a condition precedent to the policy becoming a binding obligation that the first premium should be paid, and that as a matter of fact the first premium was not paid by the insured. but instead thereof he gave his note therefor, payable to the agent of the defendant, and that such note was never paid at maturity but was dishonored and has never been paid, and that therefore the contract of insurance was avoided, a replication to such plea which avers that the note given by the

[Fidelity Mutual Life Ins. Co. v. Batson, Admx.]

assured for the first premium was not the property of the defendant and was not given to the defendant in payment of said first premium in violation of any rule or contract of the defendant company, but said first payment was made to the authorized agent of said company, and was made during the life time and good health of the assured, is insufficient and subject to a demurrer; the facts averred in said plea not being denied, and the statements in the replication as to the ownership of the notes being nothing more than the conclusion of the pleader.

2. *Trial and its incidents; when bill of exceptions not considered on appeal.*—On an appeal to the Supreme Court from a judgment rendered by the city court of Bessemer, where it appears that the bill of exceptions was not signed until after sixty days from date of the judgment, and no order of the court or agreement of counsel for extension of the time for signing is shown, such bill of exceptions cannot, under the act establishing the city court of Bessemer (Acts, 1900-1901, p. 1854), be looked to for any purpose.

APPEAL from City Court of Bessemer.

Tried before the Hon. B. C. JONES.

This action was instituted in the city court of Bessemer on April 20, 1901, by the appellee, Mary F. Batson, administratrix of the estate of Dennis W. Batson, deceased, against the appellant, the Fidelity Mutual Life Ins. Co.; and sought to recover the sum of $1,000 and interest upon a policy of life insurance issued by said defendant insurance company on October 20, 1900, on the life of Dennis W. Batson, who died on February 10, 1901.

The defendant pleaded the general issue and several special pleas. In the 4th special plea, the defendant set up that the contract of insurance sued on was made in consideration of a written application of the insured which was made a part of the policy; that as a part of the written application which formed the basis of the contract sued on, it was agreed that the policy issued thereon should not become binding upon the company until the first payment due thereon should have been actually received by the company or its authorized agent, during the life time and good health of the insured; that after the receipt of the application of the insured,

the defendant issued the policy sued on and sent it with its regular receipt for delivery and collection of the initial premium to C. B. Jennings, its agent at Birmingham, Ala.; that said Jennings delivered said policy and receipt to one of his agents or sub-agents, one L. E. Williams, for delivery to Dennis W. Batson, and for the collection of the initial premium; that on October 24, 1900, the said L. E. Williams delivered said policy to said Dennis W. Batson; that the said Batson did not actually pay the initial premium and has never paid any premium on said policy to the defendant or its duly authorized agent; but at the time of the delivery of the policy to Batson he in exchange therefor, executed his promissory note to said L. E. Williams for the amount of the initial premium, said note being made payable thirty days after date; and upon the execution of this note, Williams delivered to Batson the said policy and the receipt; and it was further averred in said plea that the said D. W. Batson, "wholly failed and neglected to pay said note at maturity and the same has never been paid, and he wholly failed and neglected to pay the initial premium or any part thereof. Wherefore defendant says that said policy is absolutely void and of no effect, and that the defendant ought not to pay the same."

To the special pleas of the defendant the plaintiff filed several replications. To the 4th special plea the plaintiff filed among others, the following replication: "3d. Plaintiff says in answer to 4th plea that said note set up in said plea is not the property of the defendant, has never been the property of the defendant, and was not given to the defendant in payment of said first premium, in violation of any instructions, rule or contract of said company, but said first payment was made to the authorized agent of said company, and was made during the life time and good health of said Batson."

To the plaintiff's third replication to the defendant's 4th plea, the defendant demurred upon the following grounds: "1. The replication tenders an immaterial issue. 2. It constitutes no sufficient answer to the plea.

[Fidelity Mutual Life Ins. Co. v. Batson, Admx.]

3d. It does not traverse the plea nor confess and avoid the same. 4th. The replication does not deny that the note was given for the first premium or as alleged in the plea, nor does it deny that said note was given upon the terms and subject to the conditions set forth in the receipt, and hence it shows defendant is not liable on the policy. 5th. The facts alleged in the plea admitted because not denied by the replication show that defendant was the beneficiary of said note, and that Williams held same as trustee for it, and hence the averment that the note is not the property of the defendant and has never been the property of the defendant is simply an erroneous conclusion of the pleader. 6th. The plea shows and the replication does not deny that the payment was actually made, and that a note given for the receipt and policy as set forth in the plea was dishonored, and hence shows no payment was made, and hence the averment of the plea that 'said first payment was made,' etc. is but an erroneous conclusion disproved by the admitted facts." This demurrer was overruled.

Under the opinion on the present appeal it is unnecessary to set out any of the other pleading or any of the facts of the case.

There were verdict and judgment for the plaintiff, fixing her recovery at $1,035. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

CABANISS & WEAKLEY, for appellants.—The policy of insurance sued on was avoided by reason of the fact that the insured never paid the first premium as was stipulated for in the contract of insurance.—*Imperial Life Insurance Co. v. Glass*, 96 Ala. 569; *Orman v. Ins. Co.*, 96 N. C. 158; *Sullivan's case*, (Ga.) 29 So. East. Rep. 41.

PINKEY SCOTT, *contra*, cited *Mobile Life Insurance Company v. Pruitt*, 74 Ala. 487; *Ins. Co. of North America v. Forcheimer & Co.*, 86 Ala. 541; *Insurance Companies v. Rodden*, 87 Ala. 311; *Tripple Link Mutual Indemnity Association v. Williams*, 121 Ala. 138.

[Fidelity Mutual Life Ins. Co. v. Batson, Admx.]

DOWDELL, J.—The plaintiff's replication No. 3 to defendant's 4th plea does not deny the facts as alleged in said plea, but is evasive in its statements. Without denying that the note described in said plea was given for the first premium, or as alleged in the plea, the replication avers that the note "is not the property of the defendant, has never been the property of the defendant, and was not given to the defendant in payment of said first premium in violation of any instructions, rule or contract of said company, but said first payment was made to the authorized agent of said company," etc. The plea avers that the first or initial premium was not in fact paid by the assured, Batson, but instead thereof, he gave his note therefor payable to Williams, who was the defendant's agent, at thirty days, and that the note was never paid but was dishonored at maturity and payment was refused, which under the contract of insurance avoided the policy. Under the facts averred in the plea, the defendant was the beneficiary of the note, and Williams held the same as its trustee. The statements, therefore, in the replication as to the defendant's ownership of the note, the facts stated in the plea not being denied, can be regarded as nothing more than the conclusion of the pleader. The replication as an answer to the plea was bad in other respects, but the defect pointed out was sufficient to condemn it on the demurrer interposed by the defendant. The demurrer should have been sustained, and the court erred in overruling it.

The record shows that the trial was had on the 20th day of September, the bill of exceptions in the transcript was signed on the 25th day of November, which was more than sixty days after the trial, and there was no order of the court, nor agreement of counsel for extension of the time for signing. The act establishing the city court of Bessemer, approved February 28th, 1901 (Session Acts 1900-1901, p. 1854), provides, that bills of exceptions must be signed within sixty days after the trial. The rule is well settled by decisions of this court, that the bill of exceptions, unless signed in

pursuance of the requirements of the statute, cannot be looked to for any purpose. The assignments of error, therefore, which relate to the bill of exceptions cannot be considered.

For the error pointed out in overruling the demurrer to the 3d replication, the judgment of the court will be reversed and the cause remanded.